SAFFIAN v SIMMONS

Docket No. 250645. Submitted January 4, 2005, at Lansing. Decided July 7, 2005, at 9:05 a.m. Leave to appeal sought.

Kim Saffian brought an action in the Cheboygan Circuit Court against Robert R. Simmons, D.D.S., alleging malpractice related to a root canal. Although the defendant was a general practitioner, the plaintiff filed a complaint accompanied by an affidavit of merit signed by a root-canal specialist. The defendant failed to timely answer the complaint, and plaintiff filed a default. The court, Scott L. Pavlich, J., granted the defendant's motion to set aside the default on the basis of a clerical error in the defendant's fax transmittal of the plaintiff's complaint to the defendant's malpractice insurer. The defendant filed a motion for summary disposition, claiming that the period of limitations had ended and the action had not been commenced because the affidavit of merit did not meet statutory requirements. Plaintiff moved for reinstatement of the default on the ground that the defendant's allegation of clerical error was apparently false as shown by telephone records. The court denied the defendant summary disposition, granted reinstatement of the default, and denied the defendant's motion for reconsideration. The defendant appealed.

The Court of Appeals *held*:

1. Any deficiency in the plaintiff's affidavit of merit attached to the malpractice complaint did not relieve the defendant of the duty to file a timely answer. The requirement that a defendant answer a complaint tests the adequacy of the complaint and the affidavit. If procedural devices permit the complaint to go unanswered to no disadvantage, the test fails its purpose. An affidavit was filed with the complaint and was presumptively proper when the default entered. After the default entered, it was too late for the defendant to argue that the case had not commenced because of a deficient affidavit.

2. The circuit court correctly reinstated the default because it was not persuaded by the defendant's assertion that he had a reasonable excuse for failing to timely answer the summons and complaint. His employee allegedly faxed the summons and com-

plaint to the insurance carrier, but the phone records showed no charge for a long distance call on the alleged date of the sending of the fax. The insurance carrier had previous notice of the lawsuit being filed with the notice of intent to file a claim. An unprejudiced person cannot say that there is no justification or excuse for the court's ruling, in its discretion, to reinstate the default.

Affirmed.

ZAHRA, J., concurring in part and dissenting in part, stated that he agreed that the defendant was required to answer or otherwise timely respond to the complaint, notwithstanding the defective affidavit of merit. The defendant did not have the authority to unilaterally determine that the proffered affidavit of merit failed to comply with the requirements of MCL 600.2912d and that he was relieved of the duty to respond to the complaint.

The circuit court improperly reinstated the default against the defendant. The court found that the time frame in which the defendant failed to answer was relatively short and that the failed fax transmittal was responsible in part for the delay, a reasonable excuse. However, the requirements of setting aside a default are a showing of good cause and the provision of an affidavit of facts showing a meritorious defense. Because it is not clear from the circuit court's findings whether that court concluded that the defendant had fabricated his claim regarding the fax transmittal failure, Judge ZAHRA would vacate the default and remand the case for further factual findings regarding whether the defendant had fabricated that claim.

To the extent that the circuit court concludes that the defendant did not commit a fraud on the court, the circuit court should rule on the defendant's motion for summary disposition.

NEGLIGENCE — MEDICAL MALPRACTICE — AFFIDAVIT OF MERIT — DEFAULT.

Where an affidavit of merit was filed with the complaint in a medical malpractice action, the affidavit is presumptively proper until the defendant timely answers the complaint, testing the adequacy of the complaint and the affidavit; the defendant is not relieved of duty to timely answer the complaint by a postdefault claim that the affidavit was deficient because the health care professional signing it did not meet the statutory requirements for an expert witness in a medical malpractice action (MCL 600.2912d[1], 600.2912e[1], 600.2169[1][c]).

*Bensinger, Cotant & Menkes, P.C.* (by *Scott R. Eckhold*), for the plaintiff.

*Patrick & Kwiatkowski, PLLC* (by *Aaron J. Gauthier*), for the defendant.

Before: ZAHRA, P.J., and NEFF and COOPER, JJ.

NEFF, J. Defendant appeals as of right a default judgment and a previous order denying his motion for summary disposition and reinstating a default. We affirm.

### I. INTRODUCTION

In this dental malpractice case, we must decide whether defendant had a duty to respond to a summons and complaint given a later judicial determination after an evidentiary hearing that the affidavit of merit filed with the complaint did not comply with MCL 600.2912d(1), but was not "grossly nonconforming." We hold that defendant was not relieved of his duty to timely respond to the summons and complaint. Defendant was properly defaulted when he failed to timely respond, and the trial court properly considered whether defendant had shown good cause and a meritorious defense to warrant setting aside the default. We affirm the trial court's order denying defendant's motion for summary disposition and reinstating the default and we affirm the default judgment.

### II. FACTS AND PROCEDURE

On August 28, 2001, plaintiff filed suit alleging that defendant committed malpractice in performing a root canal. The complaint was accompanied by an affidavit of merit signed by Mark Nearing, D.D.S., whose dental practice is limited to root canals. Defendant failed to timely answer the complaint, and on October 4, 2001, plaintiff filed a default.

On December 10, 2001, defendant moved to set aside the default on the ground that defendant's employee faxed the summons and complaint to defendant's insurance carrier, but that the fax was not received, and therefore the carrier did not forward the complaint to its counsel for response. Further, plaintiff was not prejudiced, and defendant's affidavit established a meritorious defense based on the facts. At a hearing on the motion, defense counsel argued that the default should be set aside because policy favored setting aside defaults in favor of a fair, reasonable hearing on the merits and this case involved completely innocent circumstances of a failed communication. The trial court granted defendant's motion to set aside the default.[1]

On January 4, 2002, defendant filed an answer to the lawsuit.[2] On March 20, 2002, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the statute of limitations was not tolled by the filing of the complaint because the affidavit of merit did not meet the statutory requirements. While that motion was pending, plaintiff moved for discovery sanctions or reinstatement of the default. The trial court denied defendant's motion for summary disposition, but granted plaintiff's motion to reinstate the default. The trial court concluded that the motion to set aside the default had been improvidently granted and that plaintiff's affidavit of merit, while technically deficient, was sufficient to commence the complaint.[3]

---

[1] In an order entered April 12, 2002 (Docket No. 239005), another panel of this Court denied plaintiff's application for leave to file an interlocutory appeal of that decision.

[2] The lower court case register of actions indicates that an answer was filed, although no answer is found in the lower court record submitted on appeal.

[3] The parties agreed to settle plaintiff's claim while preserving defendant's right to appeal.

In its opinion and order, the court noted that it earlier set aside the default on the basis of defendant's representations that the fax of the summons and complaint was not received by defendant's insurance carrier and the failure to try this case on the merits would result in manifest injustice to defendant. However, the court observed that, following discovery, defendant's phone records called into question defendant's representation that the summons and the complaint were faxed to the insurance carrier as indicated.[4] Further, the court was misled concerning setting aside the default because defendant now sought dismissal of the case on the ground that the affidavit of merit was signed by an expert in the field of endodontics rather than general dentistry. The court concluded that, unlike *White v Busuito*, 230 Mich App 71; 583 NW2d 499 (1998), in which the plaintiff filed no affidavit of merit with the complaint and, therefore, failed to commence a suit, here the affidavit was filed. Consequently, defendant was not relieved of his obligation to answer or otherwise defend the action and the default was not void *ab initio*. The court denied defendant's motion for reconsideration.

### III. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Auto Club Group Ins Co v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001).

A motion to set aside a default or a default judgment is to be granted only if the movant shows good cause and files an affidavit demonstrating a meritorious defense. MCR 2.603(D)(1). Good cause consists of: (1) a

---

[4] Defendant's phone records showed that no long distance phone call was made on the date of the alleged fax that would have allowed the machine to process the fax, e.g., to a misdialed number.

substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default. Manifest injustice is not an independent factor in establishing good cause. It is the result that would occur if a default were allowed to stand after a party had demonstrated good cause and a meritorious defense. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233; 600 NW2d 638 (1999). The decision to grant or deny a motion to set aside a default or a default judgment is within the discretion of the trial court. *Park v American Cas Ins Co*, 219 Mich App 62, 66; 555 NW2d 720 (1996).

### IV. ANALYSIS

The statute of limitations for a medical malpractice action is two years. MCL 600.5805(6). To commence a medical malpractice action, a plaintiff must file both a complaint and an affidavit of merit. MCL 600.2912d(1). The affidavit of merit must be "signed by a health professional who the plaintiff's attorney reasonably believes meets the requirements for an expert witness under [MCL 600.2169]." MCL 600.2912d(1). If the defendant against whom testimony is offered is a general practitioner, the expert witness during the year immediately preceding the occurrence at issue must have devoted a majority of his or her professional time to either or both active clinical practice as a general practitioner or instruction of students in an accredited health professional school or residency or clinical research program in the same health profession in which the party against whom the testimony is offered is licensed. MCL 600.2169(1)(c).

An affidavit of merit that is grossly nonconforming to the statutory requirements is not an affidavit of merit that satisfies the statutory filing requirements and does

not support the filing of a complaint that tolls the running of the period of limitations. *Geralds v Munson Healthcare*, 259 Mich App 225, 239-240; 673 NW2d 792 (2003); *Mouradian v Goldberg*, 256 Mich App 566, 573-574; 664 NW2d 805 (2003).

A

It is undisputed that plaintiff's complaint was filed on August 28, 2001, before the expiration of the period of limitations, and the complaint was accompanied by an affidavit of merit signed on July 10, 2001, by Mark V. Nearing, D.D.S. Defendant argues that the affidavit of merit was insufficient to commence the lawsuit and thereby toll the period of limitations because Nearing was not a properly qualified affiant under MCL 600.2169 and the trial court found that plaintiff's counsel did not have the reasonable belief that Nearing was qualified, as required for filing under MCL 600.2912d(1). However, whether defendant may have been entitled to dismissal on the basis that the affidavit was deficient and did not toll the period of limitations is not the threshold question in this case. Defendant failed to timely answer the complaint or otherwise defend the action, and a default was entered. "Once the default of a party has entered, that party may not proceed with the action until the default has been set aside by the court in accordance with [MCR 2.603(D)] or MCR 2.612." MCR 2.603(A)(3).

Cases cited by defendant that address dismissal in the context of the expiration of the period of limitations, an affirmative defense, are inapposite. *Scarsella v Pollak*, 461 Mich 547, 550 n 1, 551-552 n 2; 607 NW2d 711 (2000). "[T]he purpose of a tolling provision is to protect a plaintiff from a statute of limitations defense." *Burton v Reed City Hosp Corp*, 471 Mich 745, 754-755;

691 NW2d 424 2005. A statute of limitations defense must be raised in a defendant's first responsive pleading or in a motion filed before that pleading. MCR 2.116(D)(2); *Burton, supra* at 755. "[T]he remedy against a party who 'fail[s] to plead or otherwise defend' in an action is default." *Id.* at 756, quoting MCR 2.603(A)(1).

Although this Court has held that a complaint filed with an affidavit that is defective for purposes of MCL 600.2912d(1) is insufficient to "commence" a medical malpractice action, *Geralds, supra* at 240, our Supreme Court has repeatedly instructed that cases decided in the context of the tolling of the statutes of limitations are factually and legally distinguishable from cases that do not involve a statute of limitations issue. *Scarsella, supra.* In *Scarsella,* the Supreme Court adopted this Court's opinion, which stated, *"for statute of limitations purposes* in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit."[5] *Id.* at 549, quoting *Scarsella v Pollak,* 232 Mich App 61, 64; 591 NW2d 257 (1998) (emphasis added). Cases not involving a statute of limitations issue are of a different view and must be analyzed accordingly. "While § 2912d states the affidavit of merit 'shall' be filed with the complaint, it does not indicate the action may not be commenced without the affidavit." *VandenBerg v VandenBerg,* 231 Mich App 497, 502; 586 NW2d 570 (1998).

---

[5] Compare *Mouradian, supra* at 571, quoting the same sentence from *Scarsella,* but omitting the introductory clause ("[P]laintiffs' complaint, filed without the affidavit of merit required by MCL 600.2912d, did not toll the limitations period because 'in a medical malpractice case, the mere tendering of a complaint without the required affidavit of merit is insufficient to commence the lawsuit.' " [Punctuation and citation deleted.]).

B

Defendant argues that, because the affidavit was signed by a person unqualified as an expert witness under MCL 600.2169, the affidavit was invalid; accordingly, he had no duty to answer the complaint, and the default is void *ab initio* under *White.* We disagree.

In *White, supra,* the plaintiff failed to file an affidavit of merit or security for costs[6] with her medical malpractice complaint. The Court observed that the plain language of MCL 600.2912d required a medical malpractice plaintiff to file either security for costs or an affidavit of merit with the complaint. Further, a defendant's duty to answer is conditioned on the filing of the affidavit or security for costs. The Court noted that MCL 600.2912e(1) provided that a defendant in a medical malpractice action shall file an answer "within 21 days after the plaintiff has furnished security or filed an affidavit in compliance with section 2912d . . . ." *White, supra* at 76. Likewise, MCR 2.108(A)(6) stated in relevant part that "the defendant must serve and file an answer within 21 days after being served with the notice of filing the security for costs or the affidavit in lieu of such security required by MCL 600.2919d." *White, supra* at 76. Giving this language its plain and ordinary meaning, the Court concluded that "a plaintiff's filing of security for costs or an affidavit of meritorious claim is an absolute prerequisite to the defendant's obligation to answer or otherwise defend the action." *Id.* The Court held that, because the plaintiff never filed an affidavit of merit or security for costs, the defendant's "answer was not yet due" be-

---

[6] The statutory provision in effect at the time the plaintiff's complaint was filed required that a medical malpractice plaintiff file either security for costs or an affidavit of meritorious claim with the complaint. *White, supra* at 75-76.

cause the twenty-one-day period for filing the answer never began to run. *Id.* at 76-77.

We conclude that *White* does not control in this case. In *White*, an affidavit was never filed, and it was clear that the statutory requirements were not met. In this case, plaintiff filed a presumably valid affidavit of merit with the complaint.[7] According to plaintiff's counsel's affidavit, at the time he filed the complaint, he believed that the affidavit of merit satisfied the statutory requirements.[8] It was only in subsequent judicial proceedings that the affidavit was found to be deficient on the basis of this Court's holding in *Decker v Flood*, 248 Mich App 75; 638 NW2d 163 (2001). In *Decker*, this Court observed that an endodontist is one who specializes in the practice of endodontics, and, thus, is not a general practitioner within the meaning of the statutory limitations on expert witnesses in medical malpractice cases. *Id.* at 83-84. However, *Decker* was not decided until October 26, 2001, after the default in this case was entered, and long after defendant's answer was due.

Moreover, in *White*, the Court expressly noted that, although the plaintiff's medical malpractice complaint appeared to be deficient with regard to stating a claim for medical malpractice, the deficiencies did not relieve the defendant of his obligation to file an answer. *White, supra* at 78 n 7. Likewise, the deficiency in the affidavit in this case did not relieve defendant of his duty to file an answer.

---

[7] Defendant's sole challenge to the affidavit is based on the fact that Dr. Nearing limits his practice to endodontics; defendant does not claim that the affidavit is otherwise deficient.

[8] We recognize that, following an evidentiary hearing, the trial court concluded that plaintiff's counsel's belief was not reasonable in light of stipulated facts concerning the extent of plaintiff's counsel's investigation of defendant's credentials and Dr. Nearing's credentials before filing the lawsuit.

To hold that a duty to answer the complaint never arose in this case would open the floodgates to all manner of retrospective claims that a defendant had no obligation to respond to a summons and complaint. Such reasoning would undermine the fundamental purpose of default and the finality of judgments. It rewards dilatory response to lawsuits in circumstances in which a lawsuit is, by all initial accounts, valid.

Worse, to rule as defendant urges would create the opportunity for defendant to knowingly foster the running of the limitations period by ignoring a lawsuit and then simply bypass the default by attacking the affidavit of merit, depriving plaintiff of the legitimate opportunity to cure a defect if attacked in an answer or affirmative defense. A defendant would suffer no adverse consequences if a postdefault attack on the affidavit were successful. In the meantime, a plaintiff's claim is laid to rest as the limitation period expires.

The requirement that a defendant answer a complaint tests the adequacy of the complaint and affidavit. If procedural devices permit a complaint to go unanswered to no disadvantage, the test fails in its purpose. We decline to extend the holding in *White,* in which the affidavit was nonexistent, to the circumstances of this case.

C

The remaining question is whether the trial court abused its discretion in failing to set aside the default.

> The ruling on a motion to set aside a default or a default judgment is entrusted to the discretion of the trial court. Where there has been a valid exercise of discretion, appellate review is sharply limited. Unless there has been a clear abuse of discretion, a trial court's ruling will not be set aside. [*Alken-Ziegler, supra* at 227 (citations omitted).]

We conclude that the court did not abuse its discretion. Following discovery, the court found that the telephone records called into question defendant's representation that the summons and complaint were faxed to the insurance carrier as indicated and that the fax was not received. After defendant had misled the court concerning setting aside the default, he sought dismissal of the case on the ground that the affidavit of merit was signed by an expert in the field of endodontics rather than general dentistry.

It is clear that the court was not persuaded by defendant's assertion that he had a reasonable excuse for failing to timely answer the summons and complaint. Viewing the record, we find no basis for ruling otherwise.

It is undisputed that defendant was served with the summons and complaint on September 7, 2001. Twelve days later, on September 19, 2001, defendant's employee allegedly faxed the summons and complaint to the insurance carrier. However, defendant's phone records showed no charge for a long distance call on the alleged date of the fax. There was no contact with the insurance carrier to advise it of the summons and complaint, other than the alleged fax, and there was no follow-up to determine whether the fax was received. The insurance carrier had previous notice of the lawsuit because it was provided with the statutory notice of intent to file a claim in March 2001. Considering the facts on which the court acted, an unprejudiced person cannot say that there is no justification or excuse for the court's ruling. *Id.* at 228.

Although not directly relevant to the grounds for setting aside the default, the court's finding that defendant misled the court was germane to the court's considerations. At the hearing in December 2001, de-

fendant argued that the default should be set aside and the case should be heard on the merits. Defendant did not argue the statute of limitations defense or the alleged defect in the affidavit at the time of the hearing even though *Decker* had already been decided by this Court. It was only later, in March 2002, that defendant cited *Decker* as the basis for his motion for summary disposition.

An appellate court may not substitute its judgment in matters falling within the discretion of the trial court. *Alken-Ziegler, supra* at 228. The trial court's decision to reinstate the default is entitled to great deference. *Id.* We find no circumstances warranting reversal.

Affirmed.

COOPER, J., concurred.

ZAHRA, J. (*concurring in part and dissenting in part*). This case presents two distinct issues: (1) Whether a medical malpractice defendant is relieved of the duty to timely answer or otherwise respond to a complaint where the complaint was filed with a defective affidavit of merit and (2) whether the trial court properly reinstated a default that the court had previously set aside. I agree with the majority that defendant was required to answer or otherwise timely respond to the complaint, notwithstanding the defective affidavit of merit. Although the affidavit of merit was defective under MCL 600.2912d, defendant did not have the authority to unilaterally determine that the proffered affidavit of merit failed to comply with the requirements of MCL 600.2912d such that defendant was relieved of the duty to respond to the complaint. Had the Legislature intended to relieve a defendant of the obligation to answer

or otherwise respond to a complaint filed with a defective affidavit, it would have specifically provided the defendant with such authority.

However, I disagree with the majority's conclusion that there are sufficient facts in the record to support the conclusion that defendant was properly defaulted. It is not clear from the trial court's findings whether the trial court concluded that defendant fabricated his claim that the failure to transmit the summons and complaint to his insurer was the product of excusable clerical error. I would vacate the default and remand for further factual findings on whether defendant had fabricated this claim. If the trial court concludes that defendant fabricated the facts supporting his motion to set aside the default, the default judgment should be reinstated and the trial court should impose monetary sanctions against defendant pursuant to MCR 2.114(E). If, however, the trial court concludes that defendant's claim of excusable clerical error was not fabricated, the trial court abused its discretion by reinstating the default. The ensuing default judgment should be set aside, and the trial court should rule on defendant's motion for summary disposition.

### I. A MEDICAL MALPRACTICE DEFENDANT CANNOT UNILATERALLY DETERMINE THAT A PROFFERED AFFIDAVIT OF MERIT FAILS TO COMPLY WITH MCL 600.2912d

MCL 600.2912e provides, in part, that "[i]n an action alleging medical malpractice, within 21 days after the plaintiff has *filed an affidavit in compliance with section 2912d,* the defendant shall file an answer to the complaint." (Emphasis added.) MCR 2.108(A)(6), which addresses the time for answering a complaint in a medical malpractice lawsuit, provides in pertinent part that "[i]n an action alleging malpractice . . . the defendant must serve and file an answer within 21 days after

being served with ... *the affidavit ... required by MCL
600.2912d.*"[1] (Emphasis added.) At issue in this case is
whether a defendant is permitted to unilaterally deter-
mine whether an affidavit of merit fails to satisfy the
requirements of MCL 600.2912d such that defendant
need not answer the complaint.

The primary goal of judicial interpretation of stat-
utes is to ascertain and give effect to the intent of the
Legislature. *Neal v Wilkes,* 470 Mich 661, 665; 685
NW2d 648 (2004). The best measure of intent is the
words used by the Legislature. *Lansing Mayor v Pub
Service Comm,* 470 Mich 154, 164; 680 NW2d 840
(2004). "Where the language is unambiguous, 'we pre-
sume that the Legislature intended the meaning clearly
expressed—no further judicial construction is required
or permitted, and the statute must be enforced as
written.' " *Pohutski v City of Allen Park,* 465 Mich 675,
683; 641 NW2d 219 (2002), quoting *DiBenedetto v West
Shore Hosp,* 461 Mich 394, 402; 605 NW2d 300 (2000);
see also *Nastal v Henderson & Assoc Investigations, Inc,*
471 Mich 712, 720; 691 NW2d 1 (2005). A provision of
law is ambiguous when it irreconcilably conflicts with
another provision or is equally susceptible to more than
a single meaning. *Lansing Mayor, supra* at 166. "Where
the language of a statute is of doubtful meaning, a court
must look to the object of the statute in light of the
harm it is designed to remedy, and strive to apply a
reasonable construction that will best accomplish the
Legislature's purpose." *Marquis v Hartford Accident &
Indemnity (After Remand),* 444 Mich 638, 644; 513
NW2d 799 (1994). Moreover, the Legislature is pre-

---

[1] MCR 2.108(A)(6) is antiquated in that it refers to the filing of security
for costs required by MCL 600.2912d. The option to file security for costs
was removed from MCL 600.2912d in 1993. 1993 PA 78. However, MCR
2.108(A)(6) was not amended to conform to the revised statute. See *White
v Busuito,* 230 Mich App 71, 76 n 5; 583 NW2d 499 (1998).

sumed to have knowledge of existing laws on the same subject and is presumed to have considered the effect of new laws on all existing laws. *Walen v Dep't of Corrections*, 443 Mich 240, 248; 505 NW2d 519 (1993). These same rules of construction apply to the interpretation of court rules. *In re KH*, 469 Mich 621, 628; 677 NW2d 800 (2004).

Applying these principles of statutory construction, I conclude, contrary to defendant's argument, that the use of the phrase "in compliance with MCL 600.2912d" in MCL 600.2912e and the phrase "required by MCL 600.2912d" in MCR 2.108(A)(6) do not authorize a defendant to unilaterally determine whether plaintiff's affidavit of merit satisfies the detailed requirements of MCL 600.2912d. Rather, these phrases merely identify the type of affidavit that, if filed with the complaint, brings about a defendant's obligation to answer or otherwise file a responsive pleading to the complaint. This is not to say that a plaintiff may pursue a medical malpractice action with a defective affidavit of merit. A defendant may challenge a statutorily defective affidavit by responsive pleading, motion, or assertion of an affirmative defense. A defendant may not, however, ignore a complaint, allow a default judgment to be taken, and later attack the judgment on the basis of a defective affidavit.

We must presume that the Legislature was aware of established court procedure at the time it enacted this legislation. It is exclusively the province of the courts to determine the sufficiency of pleadings, the admissibility of evidence, and the efficient administration of justice in the courts. Nothing in MCL 600.2912d suggests that the Legislature intended to take this function away from the trial court and place it in the hands of the defendant.

This interpretation of MCL 600.2912e and MCR 2.108(A)(6) is consistent with other provisions of the Revised Judicature Act that address medical malpractice actions. MCL 600.2912c(1) provides, in pertinent part:

> In an action alleging medical malpractice, a party named as a defendant in the action may, *instead of answering or otherwise pleading*, file with the court an affidavit certifying that he or she was not involved, either directly or indirectly, in the occurrence alleged in the action. [Emphasis added.]

Thus, in limited situations, the Legislature expressly granted to medical malpractice defendants the unilateral authority to avoid answering or otherwise filing a responsive pleading to a medical malpractice complaint. Had the Legislature intended to allow medical malpractice defendants to unilaterally determine whether an affidavit of merit failed to comply with the provisions of MCL 600.2912d so as to relieve the defendant of the obligation to file an answer or other responsive pleading, it would have expressly granted such authority. The omission of a provision in one part of a statute that is included in another part should be construed as intentional. *Farrington v Total Petroleum, Inc*, 442 Mich 201, 210; 501 NW2d 76 (1993); *Polkton Twp v Pellegrom*, 265 Mich App 88, 103; 693 NW2d 170 (2005).

## II. THE TRIAL COURT IMPROPERLY REINSTATED THE DEFAULT AGAINST DEFENDANT

Defendant moved to set aside the default on December 10, 2001. Under MCR 2.603(D)(1), "[a] motion to set aside a default . . . shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." The good cause and meritorious defense elements of a motion must be considered sepa-

rately. *Zaiter v Riverfront Complex, Ltd,* 463 Mich 544, 553 n 9; 620 NW2d 646 (2001). In regard to the good cause requirement, defendant proffered an affidavit from his employee, Mona Wilson, in which she stated that she personally faxed to the insurance company the summons and complaint. She also stated that "my fax machine does not print a verification or confirmation unless there is a communication problem and I did not receive any verification that the faxed transmittal had a communication problem and was not received by the ProNational Insurance Company." Further, Wilson affirmed that her "writing does appear on the top of the Summons as attached to my affidavit, . . . stating, 'faxed September 19th ProNational' " and that she made this notation immediately after she faxed the documents.

In regard to the affidavit of meritorious defense requirement, defendant proffered an affidavit identifying the factual basis of his defense. Defendant's affidavit, in general, averred that he did not breach the applicable standard of care and that the cause of plaintiff's injury stemmed from past chronic infections resulting from two previous root canals not performed by defendant.

The trial court granted defendant's motion to set aside the default. The trial court found the time frame in which defendant failed to answer was "relatively short," and that the "failed fax transmittal" was in part responsible for the delay and constituted a "reasonable excuse."

After defendant filed his motion for summary disposition based on plaintiff's defective affidavit of merit, plaintiff filed a motion requesting the trial court reconsider its order setting aside the default. Trial courts have discretion to reconsider previous rulings. MCR 2.119(F)(3) provides:

> Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

After conducting a hearing, the trial court issued a written opinion and order denying defendant's motion for summary disposition and granting plaintiff's motion to reinstate the default, finding that "two factors were not argued or made known to the Court at the time of the motion to set aside the default and the Court was therefore misled at the time of the initial ruling on this matter."

The trial court, in addressing the first factor, stated that

> it appears from the discovery that has been conducted by way of phone records and the testimony of Defendant's office manager, Mona Wilson, that it is questionable whether a good faith effort to transmit the summons and complaint by fax as alleged at the original motion to set aside the default is accurate. The testimony of Mona Wilson is that she did make this attempt, however, the phone records do not establish that any long distance call was made or billed to her phone system on the date of the alleged fax. This evidence removes the possibility that a long distance call was misdialed and the information faxed to the wrong number. The phone records established that there was no long distance call on the relevant date. It appears that a phone connection was not made on that date to a long distance number that would have allowed the machine to process the fax and these facts contradict the affidavit of Mona Wilson.

The trial court stated that it found "questionable," whether there was "a good faith effort to transmit the

summons and complaint by fax as alleged at the original motion to set aside the default . . . ." The trial court further noted that the absence of any long distance call on the date of the alleged fax, in short, contradicts the affidavit of Mona Wilson. The obvious implication of these findings, considered along with the conclusion that it was misled at the time of the initial ruling on this matter, is that defendant fabricated his claim that the failure to transmit the summons and complaint to his insurer was the product of excusable clerical error. This Court has held that a motion for reconsideration of setting aside a default is properly granted when evidence is presented that "seriously call[s] into question" the factual allegations contained in the affidavit supplied in support of the motion to set aside the default. *Michigan Bank-Midwest v D J Reynaert, Inc*, 165 Mich App 630, 646; 419 NW2d 439 (1988).

However, where there are allegations indicating that fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first conducting an evidentiary hearing into the allegations. *Rapaport v Rapaport*, 185 Mich App 12, 16; 460 NW2d 588 (1990); *St Clair Commercial & Savings Bank v Macauley*, 66 Mich App 210, 214-215, 238 NW2d 806 (1975); but see *Michigan Bank-Midwest, supra* at 643 (no evidentiary hearing is required where a party alleged to have committed fraud is not entitled to relief on certain alternative grounds). Here, while there may be evidence suggesting that defendant fabricated his claim, the absence of a long distance phone record on the day the fax was attempted does not necessarily defeat defendant's assertion that the fax was not received because of clerical error. As mentioned, Wilson's affidavit explains that she "did not receive any verification that the faxed transmittal had a communication problem and was not received by the ProNational

Insurance Company." The absence of a long distance
phone record is not inconsistent with this assertion,
and, indeed, may even explain how she "did not
receive any verification that the faxed transmittal
had a communication problem . . . ." That is, if there
were never a phone connection (for any number of
reasons), there may not be any failed communication
to verify, which is consistent with Wilson's averment
that she believed that the fax was received. Thus, I
conclude that the evidence is unclear in regard to
whether defendant fabricated his claim that the fail-
ure to transmit the summons and complaint to his
insurer was the product of excusable clerical error.
Accordingly, I would vacate the order of default and
remand for an evidentiary hearing on the matter.

The trial court also addressed a second basis for grant-
ing plaintiff's motion to reconsider setting aside the de-
fault. The trial court noted that defendant had argued in
his brief in support of setting aside the default that
Michigan favors meritorious litigation and that manifest
injustice would result if defendant were not able to
present proof to the trier of fact. The trial court held:

> These arguments were made by the Defendant and
> relied upon by the Court in its assessment of its ruling in
> setting aside the default. What has unfolded subsequent
> to that ruling, however, is the Defendant's argument
> that the summons and complaint must now be dismissed
> with prejudice because the Plaintiff's Affidavit of Merit
> was signed by an expert in the field of endodontics
> concerning this particular root canal which gives rise to
> this action rather than someone in the field of general
> dentistry.

Further, the trial court stated:

> It is patently unfair to allow the Defendant to success-
> fully assert in his request to set aside the default that all
> litigants, whenever possible, should have their day in court

knowing that upon granting this relief, Defendant will then be entitled to summary disposition based on an affidavit being executed by a dentist specializing in endodontics rather than general dentistry.

I conclude that the trial court abused its discretion in reinstating the default on this ground. The court rule addressing the setting aside of a default has only two elements. The defaulted party must show good cause for not timely pursuing the defense and "an affidavit of facts showing a meritorious defense." MCR 2.603(D)(1). Nothing in the court rule precludes a once-defaulted party from pursuing a defense other than the defense pleaded in the affidavit of meritorious defense under MCR 2.603(D). The requirement of an affidavit of meritorious defense essentially prevents a defaulted party from merely denying the plaintiff's allegations in a conclusory manner. See *Miller v Rondeau*, 174 Mich App 483, 488; 436 NW2d 393 (1988). To the extent that the trial court reinstated the default merely because it did not approve of defendant pursuing a statute of limitations defense, the trial court erred.

### III. CONCLUSION

Defendant lacked authority to ignore plaintiff's complaint, notwithstanding the defective affidavit of merit. I would vacate the default and the ensuing default judgment, and remand for an evidentiary hearing on the issue whether defendant's claim of clerical error to establish good cause for the failure to timely or otherwise respond to the complaint was fraudulent. To the extent the court concludes that defendant did not commit a fraud on the court, the trial court should rule on defendant's motion for summary disposition.[2]

---

[2] I express no opinion on the merit of defendant's motion for summary disposition based on the applicable statute of limitations.