*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MURPHY-TELEGRAPH BUILDING, LLC,

        Plaintiff-Appellee,

v

DETROIT THERMAL, INC,

        Defendant-Appellant.

UNPUBLISHED
February 1, 2024

No. 364900
Wayne Circuit Court
LC No. 22-008171-NZ

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

K. F. KELLY, J. (*dissenting*).

I respectfully dissent from the majority's decision to vacate the trial court's order denying defendant's motion to set aside the default judgment. Because defendant failed to establish good cause or a meritorious defense—both of which are required to set aside a default judgment—I would affirm the trial court's order denying the motion.

As noted by the majority, plaintiff is the owner of the Murphy-Telegraph Building (the "Building") located at 151 and 155 West Congress in Detroit, Michigan. Near the Building, defendant owns and operates a system of steam lines, some of which pass closely by it. Plaintiff claims that defendant's steam pipes cause steam to escape from the manhole covers and damage the Building's façade and other structures. Plaintiff also claims that the temperature differentials resulting from the steam being released caused damage to the Building's basement walls.

Plaintiff filed its complaint on July 8, 2022, and defendant was served by personal service to its resident agent on July 19, 2022. In addition, plaintiff mailed a copy of the complaint to defendant's business address and e-mailed a copy to defendant's business e-mail address. Despite proper service under MCR 2.105 and the courtesy copies to defendant directly, defendant failed to answer the complaint. Plaintiff requested entry of default on August 22, 2022, which was entered by the court clerk on September 2, 2022. A copy of the entry of default was mailed to defendant's resident agent. Plaintiff moved for entry of default judgment on October 18, 2022, with notice being sent to defendant, and the court held a hearing on October 28, 2022. Defendant did not respond to the motion or otherwise appear at the hearing, despite being properly served with a notice. Plaintiff sought $488,220 in damages, which was granted by the court.

Defendant moved to set aside the default judgment on November 21, 2022. In the motion, defendant's CEO, Todd Grzech, stated that he was traveling away from the office at the time the complaint was filed and did not learn of the complaint until October 21, 2022. Instead of handling the matter immediately, Grzech stated that he "resolved to take care of [the lawsuit] as soon as [he] returned to the office in early November." By November 8, 2022, Grzech still had not "take[n] care of it," and received notice on November 8, 2022, that the court entered default judgment against defendant. Grzech also disputed defendant's liability for the damages to the Building, asserting that the damage, "if any, was caused by the elements, natural aging of the Subject Property, and/or failure to maintain the property."

In my view, the trial court did not abuse its discretion when it denied defendant's motion to set aside the default judgment because neither the motion nor the affidavits accompanying it established neither good cause or a meritorious defense. Accordingly, I would affirm the trial court's order.

In general, "this Court will not set aside a default that has been *properly* entered." *Village of Edmore v Crystal Auto Sys, Inc*, 322 Mich App 244, 255; 911 NW2d 241 (2017). Under MCR 2.603(D)(1), "a motion to set aside a default or default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and an *affidavit of facts* showing a meritorious defense is filed." (Emphasis added.)

A party may establish good cause by showing either: "(1) a substantial procedural defect or irregularity or (2) a reasonable excuse for the failure to comply with the requirements that created the default." *Saffian v Simmons*, 267 Mich App 297, 301-302; 704 NW2d 722 (2005). In *Shawl v Spence Bros, Inc*, 280 Mich App 213, 238; 760 NW2d 674 (2008), we set forth various factors to consider when determining whether the party demonstrated good cause for purposes of setting aside a default or default judgment:

> (1) whether the party completely failed to respond or simply missed the deadline to file; (2) if the party simply missed the deadline to file, how long after the deadline the filing occurred; (3) the duration between entry of the default judgment and the filing of the motion to set aside the judgment; (4) whether there was defective process or notice; (5) the circumstances behind the failure to file or file timely; (6) whether the failure was knowing or intentional; (7) the size of the judgment and the amount of costs due under MCR 2.603(D)(4); (8) whether the default judgment results in an ongoing liability (as with paternity or child support); and (9) if an insurer is involved, whether internal policies of the company were followed. [Footnote omitted.]

Similarly, in *Shawl*, 280 Mich App at 238, the Court set forth the relevant factors to address when determining whether the defendant established a meritorious defense:

> (1) the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement; (2) a ground for summary disposition exists under MCR

2.116(C)(2), (3), (5), (6), (7) or (8); or (3) the plaintiff's claim rests on evidence that is inadmissible.

Although good cause and a meritorious defense are separate requirements, the moving party may have a lesser showing of good cause if it can demonstrate a strong meritorious defense. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 233-234; 600 NW2d 638 (1999).

Defendant's basis for establishing good cause was that its CEO, Grzech, was busy with the business and traveling out of town at the time the complaint was filed. He claimed that he was involved with the sale of the business that year, which caused "changes in logistics, structure, and personnel." In addition, his "availability [was] limited, and [he had] not been physically in the office to receive each and every piece of mail sent to Detroit Thermal." Grzech averred that when he returned to the office, he planned to "take care of" the lawsuit. Although it is unclear from Grzech's affidavit when he returned to the office to attend to these matters, he did not address the issue until November 8, 2022, when he received notice that judgment had been entered against defendant.

I agree with the majority that these facts do not establish good cause to set aside the default judgment. Defendant does not claim that there was a defect or irregularity with the service of the complaint or notice of hearings. See *Shawl*, 280 Mich App at 221. Indeed, Grzech admits that he was aware of the complaint by October 21, 2022—before default judgment had been entered—yet still resolved to do nothing about the issue until he found a suitable time in his schedule to attend to it. Defendant's argument that it "immediately appeared and sought to defend itself" is completely belied by the record. Indeed, defendant waited weeks after learning of entry of the default judgment until it filed its motion to set the order aside. Defendant's lack of diligence in responding to the lawsuit, based entirely on the convenience of its CEO, demonstrates that defendant failed to establish good cause to set aside the default judgment. See *id*. (stating that the defaulted party must show "a reasonable excuse for failure to comply with the requirements which created the default"); *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 554; 872 NW2d 412 (2015) (quotation marks and citation omitted) ("The carelessness or neglect of either the litigant or his attorney is not normally grounds for granting a belated application to set aside a default regularly entered.").

Where I part ways with the majority is in the determination of whether defendant established a meritorious defense to the lawsuit. The majority concludes that the trial court should not have entered default judgment because plaintiff's evidence—submitted in connection with its motion for entry of default judgment—raised doubts as to whether the steam being released by defendant's pipes were the cause of the damage to the Building. According to the majority, the trial court did not examine this evidence closely enough and refused to consider defendant's arguments as to the merits, resulting in manifest injustice. I disagree.

Under MCR 2.603(D):

(1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.

-3-

(2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and default judgment if one has been entered, may be set aside only if the motion is filed

(a) before entry of a default judgment, or

(b) if a default judgment has been entered, within 21 days after the default judgment was entered.

(3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.

(4) An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default or default judgment, except as prescribed in MCR 2.625(D). The order may also impose other conditions the court deems proper, including a reasonable attorney fee.

In order to establish a meritorious defense, the party seeking to set aside the default must submit an affidavit containing evidence showing that "the plaintiff cannot prove or defendant can disprove an element of the claim or a statutory requirement" or "a ground for summary disposition exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8) . . . ." *Shaw*, 280 Mich App at 238. The affidavit must contain "particular facts establishing a meritorious defense," and "[m]erely contesting the amount of liability does not establish a meritorious defense." *Ristich*, 292 Mich App at 393.

Defendant's affidavit purporting to establish a meritorious defense is conclusory and does not set forth particular facts, based on personal knowledge, that establish any defense to an element or claim. Grzech stated that defendant "has not caused any damage to Plaintiff," and that any damage "was caused by the elements, natural aging of the Subject Property, and/or Plaintiff's failure to maintain the property." These statements, even if true, merely establish a question of fact whether defendant's steam pipes caused damage to the Building. Accordingly, defendant also failed to establish a meritorious defense on "a ground for summary disposition [that] exists under MCR 2.116(C)(2), (3), (5), (6), (7) or (8) . . . ." *Shaw*, 280 Mich App at 238.

I agree with the majority that defendant's argument concerning its purported meritorious defense of the statute of limitations, raised for the first time here, have been waived on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___; ___ NW2d ___ (2023) (Docket No. 359090), slip op at 4-5 (explaining that plain error review is not permitted in civil cases and the failure to raise an issue in the trial court waives the issue on appeal). But I disagree that the Court should look beyond the four corners of defendant's motion and affidavit to determine whether defendant established a meritorious defense. The majority rests its decision on the fact that *plaintiff's* motion for entry of default judgment contained *potential* factual contradictions as to the cause of the damage to the Building. These issues were neither raised in

*defendant's* motion to set aside default[1] nor its affidavit of meritorious defense. "Trial courts are not the research assistants of the litigants; [and] the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute." *Walters v Nadell*, 481 Mich 377, 388; 751 NW2d 431 (2008). Defendant, therefore, has waived any argument concerning the relative strength of the evidence presented in plaintiff's motion for entry of default judgment by failing to raise it in the trial court. Because defendant's own submissions were themselves clearly inadequate to demonstrate a meritorious defense, I disagree with the majority's conclusion that the trial court abused its discretion when it denied defendant's motion.

Because defendant's filings failed to establish either good cause or a meritorious defense, the trial court did not abuse its discretion when it denied defendant's motion to set aside the default judgment, and I would affirm the trial court's order.

/s/ Kirsten Frank Kelly

---

[1] In defendant's motion, it argued it established a meritorious defense because plaintiff "has failed to establish that [defendant] owes it any duty" or that defendant "has breached that duty." Defendant also argued that plaintiff failed to establish causation because plaintiff "has not shown that damage it sustained is due to . . . the natural aging of the building."