*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MANDY VENDITTELLI,

Plaintiff-Appellant,

v

MICHELE L. BERTELLE-SEMMA, D.P.M.,
RANDY SEMMA, D.P.M., and NATIONWIDE
FOOT & ANKLE CARE, PC,

Defendants-Appellees.

UNPUBLISHED
June 08, 2026
9:04 AM

No. 372700
Wayne Circuit Court
LC No. 24-005929-NH

Before: KOROBKIN, P.J., and YOUNG and BAZZI, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order granting defendants' emergency motion to set aside and vacate a default judgment against defendant Michele L. Bertelle-Semma, D.P.M., and defendant Randy Semma, D.P.M., pursuant to MCR 2.603(D). The order further dismissed plaintiff's complaint without prejudice for failure to comply with the timing requirements of MCL 600.2912b. We vacate the court's order and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS AND PROCEDURAL HISTORY

The instant controversy arises out of a lawsuit initiated by plaintiff for medical malpractice and intentional inflection of emotional distress against defendants. Following her injury, plaintiff sent a presuit notice of intent (NOI) to sue to defendants on January 19, 2024, in compliance with MCL 600.2912b. On February 2, 2024, defendants' counsel sent a letter to plaintiff's counsel alerting counsel that he would be representing defendants in the instant matter. Plaintiff filed her complaint on April 23, 2024, and both defendant physicians were served shortly thereafter. After defendants failed to answer the complaint, plaintiff requested entry of default against Dr. Bertelle-Semma and Dr. Semma. Defaults were entered against both physicians on May 21, 2024, and May 22, 2024, respectively. Plaintiff then moved for entry of default judgment against both defendant physicians. On July 17, 2024, the trial court entered a default judgment against Dr. Bertelle-Semma and Dr. Semma for $3 million in damages, in addition to $468.44 in costs.

Approximately one month later, defendants filed an emergency motion to set aside and vacate the default judgment. Defendants contended that they had good cause to have the judgment set aside as they only failed to responsively plead because they mistakenly believed that their attorney had received a copy of the complaint and would be handling any subsequent proceedings. Defendants emphasized plaintiff's knowledge that they were represented by counsel and failure to communicate with defense counsel at any time before or during the default and default judgment proceedings. Further, defendants noted their concern with the timing of plaintiff's filing of the complaint, alleging that plaintiff violated the 182-day waiting period mandated by MCL 600.2192(b) and stating that they "intend to raise this issue in a dispositive motion concomitant to filing their answer, should this Court vacate the default judgment." After a hearing on defendants' motion, the trial court ultimately ordered the default judgment be set aside because the underlying complaint was improperly filed. Reasoning that the complaint was void ab initio, the trial court dismissed the action without prejudice. This appeal followed.[1]

## II. STANDARD OF REVIEW

A trial court's decision to set aside a judgment of default is reviewed for abuse of discretion. *Shawl v Spence Bros, Inc*, 280 Mich App 213, 220; 760 NW2d 674 (2008). "[A]n abuse of discretion occurs only when the trial court's decision is outside the range of reasonable and principled outcomes." *Id*. at 220-221 (quotation marks and citation omitted). However, issues of statutory interpretation are questions of law and are therefore to be reviewed de novo. *Potter v McLeary*, 484 Mich 397, 410; 774 NW2d 1 (2009). A trial court's decision to dismiss a complaint on the basis that it was a legal nullity as a result of noncompliance with statutory timing requirements therefore is to be reviewed de novo. *Farley v Advanced Cardiovascular Health Specialists PC*, 266 Mich App 566, 570; 703 NW2d 115 (2005).

## III. DISCUSSION

On appeal, plaintiff argues that the trial court abused its discretion in setting aside and vacating the default judgment entered against Dr. Bertelle-Semma and Dr. Semma. Plaintiff

---

[1] Defendants argue that this Court lacks jurisdiction over plaintiff's appeal because a dismissal without prejudice is not a final order appealable by right. We disagree. Defendants rely on *Detroit v Michigan*, 262 Mich App 542, 545; 686 NW2d 514 (2004), in which this Court held a stipulation to dismiss several claims without prejudice was not a final order appealable by right because it did not "resolve the merits of the remaining claims and, as such, those claims are not barred from being resurrected on that docket at some future date." (Quotation marks and citation omitted.) Importantly, it was not the mere fact that the dismissal was without prejudice that guided this Court's jurisdictional analysis. The *Detroit* panel observed that the stipulation "was clearly designed to circumvent trial procedures and court rules and obtain appellate review of one of the trial court's initial determinations without precluding further substantive proceedings on the remaining claims," which was inconsistent with the purpose of the final-judgment rule. *Id*. No such concerns are involved in this case. The order appealed dismissed plaintiff's complaint, leaving nothing left for the trial court to decide, and the trial court did not retain jurisdiction. It was therefore a final order appealable by right. See *Attorney General v Blue Cross Blue Shield of Mich*, 291 Mich App 64, 76; 810 NW2d 603 (2010).

further contends that the trial court erred by dismissing her complaint for failure to conform with the relevant statutory timing requirements. We agree that the trial court's reasons for setting aside the default judgment constituted an abuse of discretion.

A party may be placed in default if the party "failed to plead or otherwise defend" in an action. MCR 2.603(A)(1). Once a default is entered, the defaulted party "may not proceed with the action until the default has been set aside by the court . . . ." MCR 2.603(A)(3). "In contrast, a default judgment reduces the default to a judgment for money damages." *Lakeside Retreats LLC v Camp No Counselors LLC*, 340 Mich App 79, 89; 985 NW2d 225 (2022) (quotation marks and citations omitted). See also MCR 2.603(B) (outlining procedures for obtaining judgment against defaulted party). A default judgment may be set aside only upon a showing of good cause and the filing of an affidavit of facts presenting a meritorious defense. MCR 2.603(D)(1).

The trial court set aside the default judgment levied against Dr. Bertelle-Semma and Dr. Semma. However, the trial court did not do so on the grounds described in MCR 2.603(D)(1). Instead of basing its decision on a showing of good cause and a meritorious defense, the trial court found that the default judgment needed to be set aside because plaintiff prematurely filed her complaint. The trial court noted that while the 182-day notice period can be shortened, plaintiff did not meet the criteria laid out in the statute.

Plaintiff asserts that the trial court's ruling was incorrect because the alleged defects in her complaint did not relieve Dr. Bertelle-Semma and Dr. Semma of their obligation to respond. Plaintiff relies on *Saffian v Simmons*, 267 Mich App 297, 299-300; 727 NW2d 132 (2007) (*Saffian I*), aff'd 477 Mich 8 (2007), in which the defendant was defaulted for failing to timely respond to the plaintiff's complaint, but the default was later set aside on the defendant's motion. The *Saffian I* defendant then moved for summary disposition on the basis that the statutory limitations period had never been tolled because the plaintiff's affidavit of merit was defective. *Id*. at 300. While that motion was pending, the plaintiff moved to reinstate the default. *Id*. The trial court denied summary disposition and granted the plaintiff's motion, reasoning that the default should not have been set aside in the first place and the plaintiff's affidavit of merit was sufficient to commence the action, despite a technical deficiency. *Id*. In affirming the trial court's decision, this Court observed that when a default has been entered, "whether defendant may have been entitled to dismissal on the basis that the affidavit was deficient and did not toll the period of limitations is not the threshold question . . . ." *Id*. at 303. It further concluded that the "defendant was not relieved of his duty to timely respond to the summons and complaint," and the trial court correctly "considered whether defendant had shown good cause and a meritorious defense to warrant setting aside the default." *Id*. at 299.

The Michigan Supreme Court subsequently affirmed, clarifying that the critical flaw in the defendant's position was that no statute or court rule authorizes a defendant "to determine unilaterally whether the plaintiff's affidavit of merit satisfies the requirements of MCL 600.2912d." *Saffian v Simmons*, 477 Mich 8, 13; 727 NW2d 132 (2007) (*Saffian II*). The Court concluded that such a unilateral determination "does not constitute 'good cause' for failing to respond timely to a medical malpractice complaint, and thus is not a proper basis to challenge the entry of a default." *Id*. at 16. The Michigan Supreme Court reasoned that "this more orderly process of honoring the presumption of the validity of pleadings, requiring an answer, and then allowing the defendant to challenge the affidavit reduces the chaotic uncertainty that allowing the

defendant to decline to answer would introduce." *Id*. at 14. Lastly, the Court in *Saffian II* noted that "this rule advances the efficient administration of justice because to allow defendants to nitpick plaintiffs' affidavits and, upon discovering an imperfection, to decline to answer surely leads, as it did here, to challenged default judgments and the hearings those entail." *Id*.

Plaintiff similarly relies on *Sanders v McLaren-Macomb & Mount Clemens Regional Med Ctr*, 323 Mich App 254; 916 NW2d 305 (2018). In *Sanders*, this Court considered whether the plaintiff's failure to properly serve her NOI permitted the trial court to grant the defendants' motion for summary disposition. *Id*. at 262. The trial court originally denied the defendants' motions on the grounds that "defendants, by filing their answers and then challenging the NOI in their subsequent summary disposition motion, failed to comply with the clear language in MCR 2.112(L)(2)(a) that requires an NOI challenge to be made by a motion filed at the time the first response to the complaint is filed." *Id*. at 263. This Court affirmed the decision of the trial court opining,

> whether a challenge raised by a defendant is based on the timeliness of the NOI, the plaintiff's compliance with the notice waiting period, a claim that no NOI was received, or the contents of the NOI, the challenge is ultimately directed at the sufficiency of the notice received regarding the plaintiff's intent to sue. Consequently, each of these different types of challenges is just one of the possible grounds on which to challenge the sufficiency of the NOI and is essentially a challenge to the NOI. MCR 2.112(L)(2)(a) applies to "all" challenges to an NOI. [*Id*. at 268-269.]

This Court concluded that the defendants had accordingly forfeited their challenge to the NOIs by not advancing their contentions pursuant to the time requirements under MCR 2.112(L)(2)(a). *Id*. at 278. The *Sanders* Court relied on *Saffian II*, holding that the defendants could not unilaterally determine that the plaintiff's failure to properly serve the NOIs excused the defendants from responsively pleading. *Id*. at 276. This Court also distinguished *Sanders* from *Auslander v Chernick*, 480 Mich 910 (2007), in which the Supreme Court adopted the dissenting opinion of the Court of Appeals that stated that because the affidavits of merit were not properly filed with the complaint, the defendants "were never required to raise or plead their asserted defenses in the first instance because this medical malpractice action was never properly commenced." *Sanders*, 323 Mich App at 276 (quotation marks and citation omitted). Unlike the plaintiff in *Auslander*, this Court determined that the *Sanders* plaintiff's prima facie compliance with the requirements to commence a medical malpractice action were sufficient to require the defendants' responsive pleading. *Id*. at 277.

This Court's decision in *Saffian I* dictates that the correct inquiry in a motion to set aside a default judgment is whether a defendant showed good cause and a meritorious defense. *Saffian I*, 267 Mich App at 299. Instead, the trial court incorrectly set aside its default judgment on the ground that plaintiff's complaint was never properly commenced. Regardless of plaintiff's potential failure to comply with statutory requirements for commencing a medical malpractice action, Dr. Bertelle-Semma and Dr. Semma could not make that determination on their own and, instead, had to respond to the complaint and present the issue of plaintiff's compliance to the trial court. See *Saffian II*, 477 Mich at 13 (observing that a medical malpractice defendant cannot unilaterally assess the validity of the plaintiff's filings). Furthermore, like the plaintiff in *Sanders*,

plaintiff made a good-faith effort to commence the action. *Sanders*, 323 Mich App at 277. Plaintiff waited several weeks after serving her NOI to file her complaint, successfully served defendants, and her complaint properly included an affidavit from plaintiff's expert detailing the merits of her allegations. As plaintiff made a prima facie showing of her compliance with the requirements to properly commence the action like the plaintiff in *Sanders*, defendants were required to respond. *Id*. Accordingly, the trial court erred as a matter of law when it concluded that the default judgment must be aside because of plaintiff's prematurely filed complaint. "A trial court necessarily abuses its discretion when it makes an error of law." *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016). This error of law therefore constituted an abuse of discretion, such that we are required to vacate the contested order on appeal. We direct the trial court on remand to determine whether setting aside the default judgment was warranted on the proper grounds described in MCR 2.603(D)(1).

We vacate and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Daniel S. Korobkin
/s/ Adrienne N. Young
/s/ Mariam S. Bazzi